

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

March 21, 1963

Honorable Robert S. Calvert
Comptroller of Public Accounts
Austin, Texas

Opinion No. C- 42

Re: Whether the failure to
file refund claim within
the time prescribed by
law, Article 10.14,
Chapter 10, Title 122A,
V.C.S., for taxes paid
on special fuels used
off the Texas highways
will preclude credit
being taken for such
tax payments on sub-
sequent tax accruals
incurred by the user

Dear Sir:

and related questions.

You have requested an opinion from this department and
in connection therewith have given us the following facts:

"A Texas motor carrier, licensed as a
user-importer of special fuels, operates
a fleet of trucks in interstate commerce
on which he pays taxes to the dealer or
seller of the special fuels and there-
after reports and accounts for the taxes
due on the use of special fuels on the
Texas highways on a mileage basis, i.e.,
the average miles traveled per gallon of
fuel consumed, as provided in Article
10.08 of the law. . . .

" . . .

"This user-importer has a credit, over
and above his tax accruals, for several
thousand gallons of tax paid special fuels
used off the Texas highways (in other States)
on which he failed to file claim for tax
refund within six (6) months from the date
of such use, and which cannot now be refunded
because of the six months limitation above
cited.

"Our first question is therefore as follows:

"When a user fails to exercise his right to file claim for refund of taxes paid, over and above his tax accruals, on special fuels used off the Texas highways within six months from the date of such use, as prescribed by law, is such user precluded by law from taking credit for such amount on subsequent tax accruals incurred after the six months period for filing the refund claim has expired?

". . .

"If the Comptroller determines to his satisfaction that any user or other person has purchased special fuels or motor fuel on which he is required by law to pay the tax to the dealer or seller at the time of purchase, and he thereafter uses some of the tax-paid fuel off the public highways of Texas and fails to exercise his right to file for tax refund within the time prescribed by law because he did not know of the time limit in which claim must be filed, would such ignorance of the law or mistaken idea as to such time limit for filing refund claim constitute or be deemed to be an overpayment of taxes through a mistake of law or fact as contemplated in the above cited Article 1.11?"

The question of whether or not a refund may be paid after the elapse of six months from the time of delivery or use of motor fuel is discussed in Opinions Nos. 0-6086 and 0-6195 formerly rendered by this department, copies of which are enclosed herewith.

In Opinion No. 0-6086, the claimant purchased 2,000 gallons of gasoline on January 1, 1944, from a regular licensed dealer and obtained invoices of exemption at the time of delivery. Within four months he had used 1,500 gallons of the gasoline for which he filed claims for and received refund of tax on the 1,500 gallons. On May 1, 1944, when claim was filed for refund of tax on the 1,500 gallons, it was shown that 500 gallons included in the purchase had not been used. The question was as to when the claim was barred by limitation on the refund of the tax on the remaining 500 gallons.

The opinion held as to this question as follows:

"Therefore we answer to the first
question, since the claimant purchased
the motor fuel from a licensed dealer
and had delivery thereof on January 1,
1944, and since he was not a distributor
appropriating such fuel for use, he is
required to use all of such fuel upon
which he requests a tax refund and file
his affidavit and claim therefor prior
to July 1, 1944."

Opinion No. O-6195 holds that claim for refund of
tax on gasoline exported or lost by fire must be made within
six months from the time of delivery of the gasoline.

These two opinions deal with motor fuel tax under
Chapter 9 of Title 122A, Taxation-General, V.C.S., and this
opinion request pertains to special fuels tax as provided for
by Chapter 10 of Title 122A, V.C.S.; however, both chapters
provide that the claim for refund of taxes paid must be made
within six months from time it is invoiced for sale or use and
for that reason we think these opinions cited are pertinent.

Section (1) of Article 10.14 of Title 122A, V.C.S.,
reads as follows:

"(1) Except as otherwise provided by
Article 10.15 of this Chapter, any licensed
dealer who shall have paid the tax imposed
by this Chapter upon any liquefied gas or
distillate fuel which has been used or sold
for use by such dealer for any purpose other
than propelling a motor vehicle upon the
public highways of this State, or which
has been sold to the United States Govern-
ment for the exclusive use of said govern-
ment, and any licensed user who shall have
paid said tax upon any liquefied gas or
distillate fuel which has been used by
such user for any purpose other than pro-
pelling a motor vehicle upon said public
highways, may file claim for a refund of
the tax or taxes so paid, less one per
cent (1%) allowed suppliers for the
expense of collecting and reporting
such taxes to this State.  Such claims
shall be filed with the Comptroller on
forms prescribed by the Comptroller and

shall show the date of filing and the
period covered in the claim, the gallons
of liquefied gas and the gallons of dis-
tillate fuel sold or used for purposes
subject to tax refund, and shall show
such other facts and information as the
Comptroller may by rule and regulation
require. Every such claim shall be sup-
ported by an invoice or invoices issued
by the claimant, as hereinafter provided,
and shall be verified by affidavit of the
claimant and filed in the office of the
Comptroller within six (6) months from
the date the special fuels were invoiced
or required to be invoiced for sale or
use, and no claim shall be made by the
claimant or approved by the Comptroller
when the sale of such special fuels or
the appropriation for use occurs more
than six (6) months prior to the date
the claim is filed."

In accordance with these opinions we are now of the
opinion that when the user mentioned in your request fails to
exercise his right to file claim for refund of taxes paid,
within six months from the date of such use, then he is not
entitled to a refund of those taxes; and this being true, he
is precluded by law from taking credit for such amount on
subsequent tax accruals incurred after the six-month period
for filing the refund claim has expired.

Your next question relates to tax credits authorized
by Article 1.11 of Title 122A which reads in part as follows:

"(2) When the Comptroller determines that
any person, firm or corporation has through
mistake of law or fact overpaid the amount
due the State on any tax collected or admini-
stered by the Comptroller, the Comptroller
may with the consent of the taxpayer credit
the person, firm or corporation overpaying
the tax with the amount of such overpayment.

"(e) Credits expire at the end of five (5)
years from date of issuance by the Comp-
troller."

This section of the statute provides that when a per-
son, firm or corporation has, through mistake of law or fact,
overpaid the amount due the State, then he may be allowed

credit on taxes later becoming due to the State for the amount which he has overpaid on prior tax accruals.

In the facts given in your request there has been no overpayment of taxes. The proper amount of taxes were paid and the user merely did not comply with the law as required to get a refund of taxes paid and this did not amount to an overpayment.

This would not authorize the purchaser to take credit for the taxes paid which might have been refunded had the purchaser filed his claim in proper time, for taxes accruing on fuel bought after the six-month period had expired.

There was not an overpayment of taxes as intended by Section 2 of Article 1.11 above mentioned but only taxes paid on fuel purchased; and when the purchaser failed to file his claim for refund within the time prescribed by law, then any claim for those taxes ceased to exist and the taxes accruing on fuels purchased after the six-month period had expired is a separate and distinct transaction and no claim for credit may be allowed on these taxes because of the failure of the purchaser to file his claim timely in the prior transaction.

## S U M M A R Y

A user of special fuels as defined in Chapter 10 of Title 122A, Taxation-General, V.C.S., who fails to file claim for tax refund within six-month period from date of use is not entitled to take credit for such amount on subsequent tax accruals incurred after the six-month period for filing a refund claim has expired. The failure of a purchaser of special fuels or motor fuel to file a claim for refund of taxes paid because he did not know of the time limit, is not a mistake of law or fact such as to constitute an overpayment of taxes as provided in Article 1.11 of Title 122A, V.C.S.

Yours very truly,

WAGGONER CARR
Attorney General of Texas

By: J. H. Broadhurst
      Assistant

JHB:pw

Enclosures

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman
C. L. Snow
Cecil Rotsch
Murray Jordan
Robert Lewis

APPROVED FOR THE ATTORNEY GENERAL
By:  Stanton Stone